UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| | ) | |
| v. | ) | (Judge            ) |
| | ) | |
| 2020 MERCEDES-BENZ, CHERRY RED, A220, VIN: WDD3G4FB3LW039004, | ) ) ) ) | |
| Defendant. | ) | (Electronically filed) |

## COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, by and through its attorneys, Gerard M. Karam, United States Attorney for the Middle District of Pennsylvania, and Sean A. Camoni, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. Plaintiff, United States of America, alleges the following upon information and belief for its claim against the defendant property for violation of 21 U.S.C. § 856 and 21 U.S.C. § 841, and seeks forfeiture pursuant to 21 U.S.C. §881(a).

## THE DEFENDANT *IN REM*

2. The defendant property consists of the following property that has been seized in the driveway located at 2601 Cedar Avenue, Scranton PA, 18505, and is presently located in the Drug Enforcement Administration's ("DEA") impound yard:

   a. 2020 Mercedes Benz, A220, Cherry Red, VIN: WDD3G4FB3LW039004, with Miaochan Zhong as the registered owner.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. §881(a).

4. This Court has *in rem* jurisdiction over the defendant property:

   a. pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district;

   b. pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action occurred in this district; and the defendant property is found in this district;

5. Venue is proper in this district:

a. pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district;

b. pursuant to 28 U.S.C. § 1395, because the action occurred in this district; the defendant the property is located in this district;

6. Upon filing of this Complaint, the plaintiff requests that the court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. As provided by Supplemental Rule G(4), the United States will serve notice of this action on "any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)."

## BASIS FOR FORFEITURE

8. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a) because it constitutes 1) any property intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property, in violation of 21 U.S.C. § 856 and 21 U.S.C. § 841.

## FACTS

9. All of the facts alleged in this Complaint are based upon information and belief, the sources of which are Jason Gula, Task Officer for the Drug Enforcement Administration, resulting from an investigation into the criminal activities taking place within the defendant property.

10. In February of 2022, TFO Gula, and Officers Jason Hyler and James Petrucci of the Scranton Police Street Crimes Unit, began conducting an investigation into a suspected marijuana grow house at 2601 Cedar Avenue, Scranton, Pennsylvania (hereinafter "the residence").

11. In March of 2022, TFO Gula received a response from PPL Corporation ("PPL") in response to a subpoena request. PPL's records indicated that the residence was using excessive amounts of power which appeared to be in 12-hour intervals. Through training experience, this sort of activity was indicative of marijuana grow.

12. On March 30, 2022, based upon probable cause shown, Chief Magistrate Judge Karoline Mehalchick authorized a federal search warrant for the residence.

13. On April 6, 2022, at approximately 3:00 PM, TFO Gula was

conducting surveillance of the residence and observed a Mercedes Benz bearing NY registration JNV7733, arrive at the residence. The vehicle entered inside the garage, and the garage door closed behind it. Approximately 20 minutes later, the garage door opened, and the vehicle exited. The investigators conducted a stop of the vehicle in the driveway and the driver was identified as Yueping Mai and the front seat passenger as Chaoying Fang.

14. At approximately 4:00 PM, a search warrant was executed at the residence. The Pennsylvania State Police ("PSP") Clandestine Lab Team was requested to assist with the processing of evidence. During the search a bedroom area was identified to contain numerous empty plant carriers, plastic tubs, venting material, and other items which are commonly utilized during the operation of indoor marijuana grow. Security cameras were also found to be placed throughout the inside of the residence. The basement area was found to contain two separate grow locations, with one an active marijuana grow. These locations were equipped with charcoal filters, commonly utilized in an attempt to mask the odor of the marijuana grow. There were numerous grow lights, timers, fans, and a water source installed, which are all utilized to conduct the marijuana grow. There were also multiple containers of

liquid plant fertilizers that were found in the basement area. A side room, located under the basement steps, was found to contain a large amount of marijuana recently harvested.

15.   A garage area within the residence was found to contain another active marijuana grow. This area also contained numerous charcoal filtering systems, timers, grow lights and a water source, Multiple containers of liquid plant fertilizer was also found within this area.

16.   Photographs and video were taken inside the residence prior to the collection of evidence. The items that were seized from the residence included: 305 marijuana plants seized from the garage area, 297 marijuana plants seized from the basement area, approximately 50-100 pounds of harvested marijuana, and a representative sample of each grow location, including a grow light and marijuana sample.

17.   No evidence was found to indicate that anyone actually resided at the home. The only purpose the residence was being used for was as an indoor marijuana grow operation.

## CLAIM FOR RELIEF

WHEREFORE the United States prays that a warrant of arrest be issued for the defendant property, that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

GERARD M. KARAM
UNITED STATES ATTORNEY

By:   */s/ Sean A. Camoni*
Sean A. Camoni
Assistant U.S. Attorney
235 N. Washington Ave, Ste. 311
Scranton, PA 18503
Phone: 570-348-2800
Fax:  570-348-2037
sean.a.camoni@usdoj.gov

## **VERIFICATION**

I, Jason Gula, hereby verify and declare under penalty of perjury that I am a Task Force Officer for the Drug Enforcement Administration, that I have read the foregoing verified Complaint *in Rem* and know the contents thereof, and that the matters contained in the verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer of the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 3/17/2023

_____
Jason Gula
Task Force Officer
Drug Enforcement Administration